IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KATHRYN H. DIAMOND and MICHAEL B. HARVEY,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCES L. KEATON and GARY E. KEATON,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 6:22-CV-00045-JDK<br>§<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENTATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants' motion to dismiss for failure to join a required party (Doc. No. 3), Plaintiffs' response (Doc. No. 9), and Defendants' reply (Doc. No. 10.) Also before the court is Defendants' motion to dismiss for failure to state a claim and in the alternative, motion for a more definite statement (Doc. No. 4) and Plaintiffs' response (Doc. No. 9). Having fully considered the Parties' arguments and for the reasons set forth herein, the court **RECOMMENDS** that Defendants' motion (Doc. No. 3) be **GRANTED-IN-PART** and **DENIED-IN-PART** and that Defendants' motion (Doc. No. 4) be **DENIED** as moot.

## BACKGROUND

Plaintiffs in this case are Kathryn H. Diamond (resident of California) and Michael B. Harvey (resident of Florida). (Doc. No. 1, at 1.) Defendants are Frances L. Keaton and Gary E. Keaton (residents of Texas). *Id*. at 2. Plaintiff Diamond, Plaintiff Harvey and Defendant Frances

1

Keaton are siblings and are all trustees and beneficiaries of the Richard Sledge Testamentary trust.[1] *Id*. at 1–3. In addition to the siblings, the trust also names Mrs. Evelyn Harvey (the siblings' mother) as a trustee and the primary beneficiary of the trust. *Id*. at 3. The Southside Bank of Tyler is also named as a trustee; however, Plaintiffs state that to their knowledge, the Southside Bank of Tyler has never served as a co-trustee. *Id*. Defendant Gary E. Keaton is Frances Keaton's husband. *Id*. Plaintiffs generally state that they bring this suit against Frances for wasting trust assets, failing to provide a detailed accounting of how trust assets were spent, and for unduly influencing Mrs. Harvey. *Id*. at 3, 5. Plaintiffs also allege that Defendant Gary Keaton collaborated with Frances Keaton to unduly influence Mrs. Harvey, engage in fraud, and waste trust assets. *Id*. at 3, 19. Plaintiffs seek damages from Defendants, that Frances be removed as trustee, and in the alternative, if Frances is not removed as trustee that she provide a full accounting, be required to post a bond as a condition of continuing to serve as trustee, and that the court appoint a receiver over the trust assets. *Id*. at 20–21.

Defendants have moved to dismiss for failure to join a required party pursuant to Federal Rule of Civil Procedure 12(b)(7). (Doc. No. 3, at 1.) Defendants state that Mrs. Harvey is a required party under Federal Rule of Civil Procedure 19(a)(1)(A) because complete relief cannot be granted without Mrs. Harvey, as she is both a trustee and beneficiary of the trust. *Id*. at 2–4. Defendants state that as the pleadings stand, the natural alignment would be for Mrs. Harvey to be added as a Plaintiff, which would destroy diversity and deprive the court of subject matter jurisdiction. *Id*. at 2.

Plaintiffs respond that Mrs. Harvey is not a required party under Rule 19, because the court could grant complete relief among the parties without adding Mrs. Harvey. (Doc. No. 9, at 7–10.)

---

[1] Neither Plaintiffs nor Defendants have provided the trust documents to the court.

Further, Plaintiffs argue that even if Mrs. Harvey is a required party, she should be added as a Defendant. *Id*. at 10.

Defendants reply that Texas Property Code § 115.011 dictates that Mrs. Harvey is a required party. (Doc. No. 10, at 1–2.)

Defendants also move to dismiss counts 3, 4, 5, and 6 of Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. No. 4.) Plaintiffs' respond that they have sufficiently pled counts 3,4, and 6 and that count 5's title was a misnomer, which Plaintiffs shall replead. (Doc. No. 9.)

## **LEGAL STANDARD**

Rule 12(b)(7) permits dismissal of an action for failure to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7); *see HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Determining whether a claim should be dismissed in the absence of an indispensable party under Rule 19 involves a two-step inquiry. *Id*. at 439. The court must first determine whether a party should be joined under Rule 19(a). *See Id.*

Rule 19(a) governs whether a person is a necessary party. Rule 19(a) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

3

Fed.R.Civ.P. 19(a)(1). If joinder is warranted and joinder would destroy the court's jurisdiction over the claim, then the court must determine whether to press forward without the non-party or to dismiss the ligation under Rule 19(b). *HS Res., Inc.*, 327 F.3d at 439. "Factors to consider under Rule 19(b) include (1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed." *Id*. (internal quotations omitted).

If the court determines a non-party is required, Rule 19(a)(2) provides the mechanism by which a required non-party may be joined: "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed.R.Civ.P. 19(a)(2).

## DISCUSSION

### a.) **Defendants' Motion to Dismiss for Failure to Join a Required Party**

#### A.) **Necessary Party and Feasibility**

Rule 19(a) states that a person is a necessary party and should be joined in three situations. "First, a person must be joined if, in his absence, the court cannot accord complete relief among existing parties." *Schoen v. Underwood*, No. W-11-CA-00016, 2011 WL 13234973, at *2 (W.D. Tex. Aug. 30, 2011) (quoting Fed. R. Civ. P. 19(a)(1)(A)). "Second, joinder is required if the person claims an interest in the subject matter of litigation and nonjoinder may, as a practical matter, impair or impede his ability to protect that interest." *Id*. (citing Fed.R.Civ.P. 19(a)(1)(B)(i)). "Third, a person must be joined if he claims an interest and non-joinder would expose an existing party to a substantial risk of incurring ... multiple or otherwise inconsistent obligations because of the interest." *Id*. (citing to Fed.R.Civ.P. 19(a)(1)(B)(ii)).

Here, Defendants are arguing that Mrs. Harvey is a required party under the first category because complete relief cannot be accorded in Mrs. Harvey's absence. (Doc. No. 3, at 2.) Defendants argue that complete relief cannot be accorded without Mrs. Harvey because Mrs. Harvey is the primary beneficiary of the trust and is a co-trustee. *Id*. at 4.

Plaintiffs argue that Mrs. Harvey is not necessary for complete relief to be accorded among the existing parties because the court has authority over the parties in this matter and has the ability to provide relief. (Doc. No. 9, at 8.) Plaintiffs also state that "there is no mention of the Court's inability to craft a judgment that would protect any alleged concerns." *Id*. Plaintiffs argue that they have the right to seek relief, Defendants are within the court's jurisdiction, and thus the court has the ability to grant complete relief in the case. *Id*. Further, Plaintiffs argue that Mrs. Harvey is not a required party because her conduct is not the basis of Plaintiffs' complaint. *Id*. at 9. Finally, Plaintiffs state that even if the court finds that Mrs. Harvey is a required party, she should be added as a co-defendant. Thus, Plaintiffs state that diversity would not be destroyed (because Mrs. Harvey is a resident of Texas), and the court would still have subject matter jurisdiction. *Id*. at 10–11.

The court finds that Mrs. Harvey is a necessary party pursuant to Rule 19(a)(1)(A). Several courts have found that, in most circumstances, all trust beneficiaries are necessary parties under Rule 19(a). *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.,* No. CIV.A. 03-5808, 2008 WL 744823, at *7 (S.D. Tex. Mar. 19, 2008) (stating that "[a]s a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets") (citing *Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir.1986); *Faunce v. Bird*, 210 F.R.D. 725, 727–28 (D. Or.) (stating that "As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration

5

of trust assets.") (quoting *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir.1982); *Burgess v. Johnson*, No. 19-CV-00232-GKF-JFJ, 2021 WL 3418426, at *4 (N.D. Okla. Aug. 5, 2021) (stating that an accounting and restoration of trust assets will likely affect the trust and the absentee beneficiaries' interests; thus, "without the absentee beneficiaries, the court cannot afford complete relief.").

Exceptions to this general rule have been found when a settlor creates separate trusts for each beneficiary. *See Walsh*, 692 F.2d at 1243 (stating that the "general rule does not necessarily apply when a settlor creates separate trusts for each beneficiary—as is the case here—because absent beneficiaries' interests would generally be unaffected in a proceeding brought by beneficiaries of other trusts.") Another exception was noted when a Plaintiff sued to recover compensatory damages from a trustee "for not administering the trust in a way that benefitted [Plaintiff] and for withholding material information from [Plaintiff]." *Stiles v. Whalen*, No. 13 C 3516, 2013 WL 6730797, at *5 (N.D. Ill. Dec. 20, 2013). The court noted in *Stiles* that the beneficiaries were not necessary parties under Rule 19(a) because Plaintiff did not seek any recovery of a specific part of the trust corpus and was not asserting a breach of fiduciary duty claim. *Id*.

Here, Plaintiffs are asserting a breach of fiduciary duty claim. (Doc. No. 1, at 12.) Plaintiffs also seek to remove Frances as trustee and request an accounting. *Id*. at 20. These are the very types of claims where several courts have held that all beneficiaries are required parties under Rule 19(a)(1)(A) because these types of claims likely affect the trust and the beneficiaries' interests. *See Burgess*, 2021 WL 3418426, at *4; *Faunce*, 210 F.R.D. at 727–28. Since Mrs. Harvey is the primary beneficiary of the trust, removing Frances as a trustee would affect Mrs. Harvey's interest.

6

Thus, the court finds that Mrs. Harvey is a necessary party and must be joined pursuant to Rule 19.

Having determined that Mrs. Harvey is a necessary party, the court next looks to whether joining Mrs. Harvey is feasible. It is feasible to join a required party if doing so would not deprive the court of subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a)(1)(A). Here, joining Mrs. Harvey as a Defendant would not deprive the court of subject matter jurisdiction because Plaintiffs reside in California and Florida and Defendants and Mrs. Harvey all reside in Texas, thus complete diversity would be maintained.

Defendants state that the natural alignment in this case would be for Mrs. Harvey to be made a Plaintiff. (Doc. No. 3, at 2.) Plaintiffs state that if joinder is necessary, Mrs. Harvey should be aligned as a Defendant and state that they do not wish to sue their own mother, "but if that is what is demanded by her own daughter and son-in-law, and is required by the Court, it can be done." (Doc. No. 9, at 11.)

The court notes that even though Plaintiffs do not specifically state it in their pleadings, it appears that their central complaint is that the trust is being mismanaged and trust funds are being wasted, potentially with Mrs. Harvey's involvement. Thus, if Mrs. Harvey has knowledge of the alleged spending events and potentially even authorized them, she would be naturally aligned as a Defendant. Further, the Fifth Circuit has cautioned courts on joining necessary parties as involuntary Plaintiffs. *See Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973) (stating that "the preferred method is to designate and serve involuntary parties as defendants, regardless of their appropriate interest alignment.")

Thus, the court finds that Mrs. Harvey is a necessary party under Rule 19(a)(1)(A) and that joinder is feasible. Accordingly, the court **RECOMMENDS** that Defendants' motion (Doc. No.

3) be **GRANTED** to the extent of finding Mrs. Harvey a necessary party but **DENIED** as to the request to dismiss the case. The court further **RECOMMENDS** that Plaintiffs be provided a deadline to both file an amended complaint joining Mrs. Harvey as a Defendant and serve Mrs. Harvey with the amended complaint.

### B.) Standing

Defendants also raise the issue of standing in their motion to dismiss for failure to join a required party. (Doc. No. 3, at 2–3.) Since the court finds that Mrs. Harvey is a necessary party and should be joined as a Defendant in an amended complaint, the court does not find it appropriate to address the issue of standing at this time. If Defendants seek to challenge Plaintiffs' standing after the amended complaint is filed, the trust documents should accompany any such motion.

### b.) Defendants' Motion to Dismiss for Failure to State a Claim

Defendants move to dismiss counts 3, 4, 5, and 6 of Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. No. 4.) Defendants move to dismiss counts 3 and 4 because Defendants claim that counts 3 and 4 are asserted under the Texas Penal Code and thus are not appropriate as the Texas Penal Code does not create a private right of action. *Id.* at 1. Defendants move to dismiss count 5 because they state that count 5 references a section of the Texas Penal Code that does not exist. *Id.* at 2. Defendants move to dismiss count 6 because they claim that Plaintiffs do not have standing to assert count 6. *Id.*

Plaintiffs respond that they are not asserting counts 3 and 4 under the Texas Penal Code, but rather are bringing negligence claims that merely "look to negligence *per se* theories to describe the duty Defendants owed to Plaintiffs." (Doc. No. 9, at 16.) Plaintiffs state that count 5's

title referencing the Texas Penal Code was a misnomer and was actually supposed to reference the Texas Property Code; Plaintiffs state that they will replead count 5. *Id.* at 16–17. Finally, Plaintiffs argue that they do have standing to assert count 6, an undue influence claim. *Id.* at 17.

Since the court **RECOMMENDS** that Mrs. Harvey be joined as a necessary party and that Plaintiffs be allowed to amend their complaint to add Mrs. Harvey as a Defendant, the court **RECOMMENDS** that Defendants' motion to dismiss for failure to state a claim (Doc. No. 4) be **DENIED** as moot, without prejudice pursuant to the filing of the amended complaint in this matter.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants' motion to dismiss for failure to join a required party (Doc. No. 3) should be **GRANTED-IN-PART** and **DENIED-IN-PART** as stated above. Further, the court **RECOMMENDS** that Defendants' motion to dismiss for failure to state a claim (Doc. No. 4) be **DENIED** as moot, without prejudice, pursuant to the filing of the amended complaint in this matter. The court **RECOMMENDS** that Plaintiffs be provided a deadline to both file an amended complaint joining Mrs. Harvey as a Defendant and serve Mrs. Harvey with the amended complaint.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (en banc) superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of June, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE